## JOHN DAUM
### *v.*
### IRA COOPER.

*Opinion filed December 16, 1902—Rehearing denied February 5, 1903.*

PRACTICE—*Appellate Court briefs should not be filed in the Supreme Court.* Under rule 15 of the Supreme Court (168 Ill. 13,) it is not permissible to use Appellate Court briefs in the Supreme Court except where it may be important to determine what questions were raised in the Appellate Court, when certified copies of the briefs and arguments used in that court may be filed in Supreme Court upon motion and leave granted.

*Daum* v. *Cooper,* 103 Ill. App. 4, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Lee county; the Hon. JAMES SHAW, Judge, presiding.

O'BRIEN & MCHENRY, and HENRY S. DIXON, for appellant.

D. W. BAXTER, for appellee.

Per CURIAM: Ira Cooper brought an action in case against John Daum, in the circuit court of Lee county, to recover damages to his land alleged to have been caused

by the wrongful acts of the defendant in causing surface water to flow on and over the same. The declaration was of two counts, one called an additional count. On a plea of the general issue and trial the jury returned a special verdict against the plaintiff's right of recovery upon the additional count but found in his favor on the other count and assessed his damages at $25. Judgment was entered upon the verdict. The defendant appealed, and the Appellate Court for the Second District affirmed the judgment. (See 103 Ill. App. 4, where a complete statement of the facts of the case will appear.) Having obtained a certificate of importance he now prosecutes this further appeal.

The practice adopted by counsel on either side of this case is most extraordinary. First, the appellant files the brief and argument used in the Appellate Court, complete, except the outside cover, which is entitled in this court. The appellee does the same,—files his brief and argument in the Appellate Court, simply binding it in a cover entitled in the Supreme Court. Appellant files, in reply, his reply brief and argument in the Appellate Court in the same manner. As might have been expected, these briefs and arguments on either side are devoted to a discussion of controverted questions of fact and mixed questions of law and fact. Then appellant files what is termed an "additional brief and argument for appellant," which is no more than a criticism upon the opinion of the Appellate Court. The defendant thereupon filed what he terms "additional brief and argument for appellee," and the appellant files a "reply brief and argument for appellant." Our rules do not permit such a method of argument, and for the sufficient reason that controverted questions of fact are not reviewable in this court as they are in the Appellate Court. (3 Starr & Cur. chap. 110, sec. 89, p. 3136.) Of course, where error is assigned that there was no evidence whatever introduced upon the trial which, with all its reasonable in-

ferences, fairly tended to prove the action or defense, and the question is properly raised in the trial court, the assignment of error in this court raises a question of law, and we look into the evidence, not for the purpose of settling questions of fact, but simply to determine, as a matter of law, whether there is any evidence to support the issue. (Our rules are found in 168 Ill. 9.) Rule 15 provides for the filing of a brief by each party; a statement of the case, followed by a brief of the points and authorities, and then the argument in support of such brief, which shall be distinct therefrom but may be bound with the same. The argument shall be confined to discussion and elaboration of the points contained in the brief. Evidence shall not be copied at length in such argument, but it shall refer to the abstract for the same, "*Provided*, that where it may be important to determine what questions were raised in the Appellate Court, certified copies of the briefs and arguments filed and used in that court may be filed in this court on motion and leave granted. Briefs filed in the Appellate Court will not be received for any other purpose." It is clear that under this rule the Appellate Court briefs and arguments cannot be considered, and appellant's additional brief and argument wholly fails to comply with the rule and does not raise any distinct question of law for our decision.

When the volume of business brought to this court at each of its terms is considered, the reasonableness of the foregoing requirement cannot be doubted. It imposes no hardship upon counsel and relieves the court of much unprofitable labor. We have, however, sufficiently examined the additional briefs and arguments on both sides in the light of the opinion of the Appellate Court, to satisfy ourselves that no reversible error was committed by the trial court, and think that the judgment of the Appellate Court should be affirmed.

*Judgment affirmed.*